IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-78-7-BO
No. 7:16-CV-117-BO

| | |
|---|---|
| PEARLIE ARMSTRONG )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. ) | **ORDER** |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss petitioner's § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Petitioner has responded to the motion to dismiss, and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Petitioner was sentenced by this Court to a term of 100 months' imprisonment following his plea of guilty one count of conspiracy to distribute a quantity of a mixture and substance containing a detectable amount of heroin. [DE 335]. Petitioner did not notice a direct appeal, but timely filed the instant motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f)(1). Petitioner contends that he received the ineffective assistance of counsel when his counsel failed at sentencing to challenge petitioner's designation as a career offender under U.S.S.G. § 4B1.1. Petitioner seeks resentencing without the career offender enhancement.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings).

In order to demonstrate that the assistance of counsel was ineffective in violation of the Sixth Amendment, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

First, petitioner cannot demonstrate deficient performance by counsel as counsel did, in fact, object to petitioner's classification as a career offender. [DE 279 at 25]. Second, petitioner cannot show prejudice. Petitioner's prior convictions identified in paragraphs forty-nine and fifty-seven of the presentence report served as proper career offender predicates as they are controlled substance offenses punishable by more than one year of imprisonment, and petitioner was sentenced to more than one year of imprisonment for those crimes. U.S.S.G. §§ 4B1.1; 4B1.2; *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

2

Finally, insofar has petitioner has argued in response to the motion to dismiss that he signed a plea agreement which limited his sentencing exposure to thirty-seven to forty-six months, review of petitioner's plea agreement reveals that as to the sentencing factors upon which the government and petitioner agreed, neither of which limited petitioner's sentencing exposure to thirty-seven to forty-six months, the Court was not bound to accept such agreements in its application of the advisory Guidelines range. [DE 167 at 8]; *see also* Fed. R. Crim. P. 11(c)(1)(B).

## CONCLUSION

For these reasons, petitioner has failed to state a claim upon which relief could be granted and his § 2255 motion [DE 389] is properly DISMISSED. The government's motion to dismiss [DE 398] is GRANTED.

### Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

SO ORDERED, this 27 day of October, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 7:14-cr-00078-BO Document 441 Filed 10/28/16 Page 3 of 3